IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 2, 2003 Session

# WALTER E. GRANTHAM, II, ADMINISTRATOR C.T.A. OF THE ESTATE OF MARY FRANCES MCGILL v. ROBERT LARRY MCGILL

Appeal from the Chancery Court for Hamilton County
No. 01-1260     Howell N. Peoples, Chancellor

## FIELD DECEMBER 11, 2003

## No. E2003-02005-COA-R3-CV

Mary Frances McGill sued Robert Larry McGill ("Defendant") seeking return of personal property and claiming fraudulent execution of a deed to real property. Ms. McGill died and Walter E. Grantham, II, Administrator C.T.A. of the Estate of Mary Frances McGill ("Plaintiff") was substituted as plaintiff in this case. The case was tried and the Trial Court entered a final decree dismissing the complaint. Plaintiff appeals. The record contains neither a transcript nor a statement of the evidence. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, J., and CHARLES D. SUSANO, JR., J., joined.

R. Dee Hobbs, Chattanooga, Tennessee, for the Appellant, Walter E. Grantham, II, Administrator C.T.A. of the Estate of Mary Frances McGill.

Marvin Berke, Chattanooga, Tennessee, for the Appellee, Robert Larry McGill.

# MEMORANDUM OPINION[1]

## Background

Mary Frances McGill sued Defendant, her attorney-in-fact, claiming that Defendant fraudulently executed a quit claim deed to Ms. McGill's real property and that Defendant also converted some of Ms. McGill's personal property to his own use. Ms. McGill died during the pendency of the suit and the Trial Court entered an order substituting Walter E. Grantham, II, Administrator C.T.A. of the Estate of Mary Frances McGill, as the plaintiff in this case. The case was tried in March of 2003. The Trial Court heard testimony, reviewed documentary evidence, and delivered an opinion from the bench at the conclusion of the testimony. A Final Decree dismissing the Complaint and the Intervening Complaint was entered March 21, 2003, finding "that any presumption of undue influence was rebutted by clear and convincing evidence, and that the original Complaint and the Intervening Petition and Complaint are not sustained by the proof." Plaintiff appeals to this Court.

## Discussion

Plaintiff raises two issues on appeal: 1) whether the Trial Court erred in finding that clear and convincing evidence existed to overcome the presumption of undue influence arising from the conveyance of real property to an attorney-in-fact from his mother; and 2) whether the fiduciary duty of the attorney-in-fact required him to convey real property back to his principal when the alleged purpose for the conveyance was defeated. Defendant raises an additional issue regarding whether this Court may consider factual issues raised on appeal when the appellant files no transcript or statement of the evidence.

Our ability to address the issues raised by Plaintiff is hampered by the absence of either a transcript of the proceedings in the Trial Court or a statement of the evidence prepared in accordance with Tenn. R. App. P. 24. Tennessee Rule of Appellate Procedure, Rule 24(a) requires that the record on appeal shall consist of, among other things, the trial transcript or a statement of the evidence of the Trial Court if they exist. Tenn. R. App. P. 24(a). Plaintiff, however, relies solely on the pleadings. Plaintiff had the duty "to prepare a record which conveys a fair, accurate and complete account of what transpired in the trial court with respect to the issues which form the basis of the appeal." *Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997) (quoting *State v. Boling*, 840 S.W.2d 944, 951 (Tenn. Crim. App. 1992)). "This court cannot review the facts de novo without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings." *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992).

---

[1]Rule 10 of the Rules of the Court of Appeals provides: This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The Trial Court in its Final Decree noted that its decision was rendered after hearing testimony of witnesses and after considering all the documentary evidence submitted to the Trial Court. After considering all the evidence presented to it, the Trial Court specifically found "that any presumption of undue influence was rebutted by clear and convincing evidence, and that the original Complaint and the Intervening Petition and Complaint are not sustained by the proof." Plaintiff's issues are fact dependent, and we have not been furnished the facts. As we must assume the record, had it been preserved, would have contained sufficient evidence to support the Trial Court's factual findings, and no error of law being shown, we affirm the decision of the Trial Court.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the Appellant, Walter E. Grantham, II, Administrator C.T.A. of the Estate of Mary Frances McGill, and his surety.

_____
D. MICHAEL SWINEY, JUDGE